# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD ANDREW WHITE, | CASE NO. 1:12-cv-01623-LJO-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | (Docs. 6) |
| UNITED STATES EASTERN DISTRICT; and G. JANDA | |
| Defendants. | |

Plaintiff Raymond Bernard Andrew White, a state prisoner proceeding pro se, filed this action on October 3, 2012. (Doc. 1.) On November 16, 2012, Plaintiff filed a motion seeking leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 3.)

In denying Plaintiff's motion to proceed in forma pauperis, the Court noted that Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The Court determined that Plaintiff is subject to Section 1915(g) and is precluded from proceeding in forma pauperis unless he is, at the time the

1 complaint is filed, under imminent danger of serious physical injury.[1]

2 The Court further found that Plaintiff did not meet the imminent danger exception under *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) because Plaintiff alleged no facts supporting a finding that he was under imminent danger of serious physical injury. The Court concluded that Plaintiff is ineligible to proceed in forma pauperis, and dismissed the action without prejudice to refiling with submission of the $350.00 filing fee.

On March 20, 2013, Plaintiff filed a motion for reconsideration. (Doc. 6.) Before reconsideration may be granted, there must be a change in the controlling law, facts, or other circumstances, the need to correct a clear error, or the need to prevent manifest injustice. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). As with motions to alter or amend a judgment made pursuant to Federal Rule of Civil Procedure 59(a), motions to reconsider are not vehicles permitting an unsuccessful party to "rehash" arguments previously presented. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Az. 1998) (a motion for reconsideration "should not be used to ask the court to rethink what the court has already thought through – rightly or wrongly") (omitting internal citations and quotation marks). Nor is a motion to reconsider justified on the basis of new evidence which could have been discovered prior to the court's ruling. Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Fay Corp. v. BAT Holdings One, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987), *aff'd* 896 F.2d 1227 (9th Cir. 1990).

Plaintiff's motion for reconsideration does not state any adequate grounds for the Court to reconsider its decision denying Plaintiff's application to proceed in forma pauperis and dismissing

---

[1] The Court takes judicial notice of the following cases that Plaintiff has filed: 1:03-cv-05581-AWI-DLB-PC White v. Calderon, et al. (E.D. Cal.) (dismissed on 11/20/2003 for failure to state a claim); 1:03-cv-05568-OWW-DLB PC White v. Langham, et al. (E.D. Cal.) (dismissed on 12/16/2003 for failure to state a claim); 2:07-cv-01218-LKK-GGH PC White v. Dep't of Corr. Employee Ad-Seg Status (E.D. Cal.) (dismissed on 04/16/2008 for failure to state a claim) 2:07-cv-00781-MCE-GGH PC White v. State of California, et al. (E.D. Cal.) (dismissed on 06/27/2008 as frivolous); 1:08-cv-01114-AWI-DLB PC White v. Snyder, et al. (E.D. Cal.) (dismissed on 09/23/2008 for failure to state a claim); 1:07-cv-01796-OWW-DLB PC White v. State of California, et al. (E.D. Cal.) (dismissed on 01/30/2009 for failure to state a claim); 1:08-cv-00365-OWW-DLB PC White v. Steadman, et al. (E.D. Cal.) (dismissed on 03/24/2009 for failure to state a claim); 1:07-cv-01204-AWI-WMW PC White v. Carasco, et al. (E.D. Cal.) (dismissed on 04/06/2010 for failure to state a claim); and 2:08-cv-01789-CTB PC White v. Hollows et al. (E.D. Cal.) (dismissed on 08/10/2012 for failure to state a claim).

Plaintiff's complaint without prejudice to refiling upon submission of the $350.00 filing fee. Plaintiff's motion appears to simply restate what was pled in Plaintiff's complaint.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   March 27, 2013**          /s/  **Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE